UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:18-cv-00629-MOC
(CRIMINAL CASE NO. 3:16-cr-00232-MOC-DSC-2)

| | |
|---|---|
| JERVONTEZ LAVASSIOR LEAK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion Pursuant to Federal Rule of Civil Procedure Rule 60(b)(6) to Reopen a Prior Habeas Proceeding." [CV Doc. 12].[1]

## I. BACKGROUND

On August 25, 2016, Petitioner Jervontez Lavassior Leak ("Petitioner"), Melvin Thomas Lewis, and Neopolian Robinson robbed a pawn shop in Charlotte, North Carolina, at gunpoint. Petitioner, Lewis, and the third man brandished firearms. The store manager, another employee, and a customer were present. [CR Doc. 43 at ¶ 1: Factual Basis]. During the robbery, Lewis pointed his firearm at the store manager and struck him in the back of the head three times, causing him to fall to the floor. [Id. at ¶ 2]. The men stole 28 firearms, $61,000.00 worth of jewelry, and $2,000.00 in cash. [Id. at ¶ 3]. After the robbery, the manager was transported to a nearby hospital for treatment. [Id. ¶ 2].

A federal grand jury indicted Lewis in September 2016 with one count of conspiracy to

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:18-cv-00629-MOC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:16-cr-00232-MOC-DSC-2.

commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count One); one count of Hobbs Act robbery and aiding and abetting the same in violation of 18 U.S.C. §§ 1951 and 2 (Count Two); and one count of aiding and abetting the possession and brandishing of a firearm in furtherance of a crime of violence, that is, the Hobbs Act robbery charged in Count Two, all in violation of 18 U.S.C. §§ 924(c) and 2 (Count Three). [CR Doc. 9: Bill of Indictment]. On February 23, 2017, a federal grand jury indicted Petitioner on the same three counts. [CR Doc. 26: Bill of Indictment]. On April 14, 2017, Robinson was charged in a Bill of Information with one count of Hobbs Act robbery and one of count under 18 U.S.C. § 924(c) in relation to the robbery.[2] [Criminal Case No. 3:17-cv-00105-RJC-DCK, Doc. 1: Bill of Indictment]. Robinson waived indictment and pleaded guilty to these charges pursuant to a written plea agreement. [Id., Docs. 4, 8].

On May 23, 2017, Petitioner and the Government reached a plea agreement pursuant to which Petitioner agreed to plead guilty to Counts Two and Three and the Government agreed to dismiss Count One. [CR Doc. 42: Plea Agreement]. In the plea agreement, Petitioner stipulated that there was a factual basis for the plea of guilty and that the factual basis filed with the plea agreement may be used to determine the applicable advisory guideline range. [Id. at ¶ 15]. The parties agreed in the plea agreement that, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, they would jointly recommend that a two-level sentencing enhancement applied under U.S.S.G. § 2B3.1(b)(3)(A) because a victim received bodily injury. [Id. at ¶ 8(d)].

Three days later, on May 26, 2017, Lewis pleaded guilty to all three charges "straight up" without a plea agreement. [CR Doc. 45]. On May 31, 2017, Petitioner pleaded guilty in accordance with the plea agreement. [CR Doc. 48: Acceptance and Entry of Guilty Plea]. At the

---

[2] Robinson was also charged with a second count of Hobbs Act robbery for his role in an unrelated robbery of a Verizon store in Charlotte, North Carolina. [See id., Doc. 1].

2

plea hearing, Petitioner confirmed that he was, in fact, guilty of the charges to which he was pleading guilty. [Id. at ¶ 24]. After conducting a thorough plea colloquy, the Court found Petitioner's plea to have been "knowingly and voluntarily made." [Id. at 4].

In preparation for Petitioner's sentencing, a probation officer prepared a Presentence Report (PSR). [CR Doc. 61: PSR]. The probation officer found Petitioner's Total Offense Level (TOL) for Count One to be 21 and a Criminal History Category of III. [Id. at ¶¶ 32, 38]. The TOL included the two-level enhancement for bodily injury to a victim. [Id. at ¶ 22]. The recommended advisory guideline sentencing range for Count Two based on these findings was a term of imprisonment of 46 to 57 months, plus a mandatory consecutive sentence of at least 84 months for Count Three. [Id. at ¶ 59].

Petitioner's sentencing hearing was held on November 16, 2017. The Court adopted the PSR without change and sentenced Petitioner at the low end of the sentencing range to 46 months' imprisonment on Count Two and to a term of imprisonment of 84 months on Count Three, to be served consecutively to the term imposed on Count Two, for a total term of imprisonment of 130 months.[3] [CR Doc. 66 at 2: Judgment; CR Doc. 67: Statement of Reasons]. Judgment on Petitioner's conviction was entered on November 22, 2017. [Id.]. Petitioner did not file a direct

---

[3] Over Lewis' objection [CR Doc. 57: Lewis Objections to PSR] and after extensive argument at sentencing, the Court applied the two-level bodily injury enhancement to Lewis' sentence [CR Doc. 81 at 6-26: Lewis Sentencing Tr.; CR Doc. 69: Lewis Statement of Reasons; see CR Doc. 59 at ¶ 24: Lewis PSR]. The same day as Petitioner, Lewis was sentenced to terms of imprisonment of 46 months on each of Counts One and Two, concurrently, and a consecutive term of 84 months on Count Three, for a total term of imprisonment of 130 months. [CR Doc. 68 at 2: Lewis Judgment]. Lewis appealed. [CR Doc. Lewis Notice of Appeal]. On appeal, Lewis argued that his sentence was procedurally unreasonable because this Court erroneously applied the bodily injury sentencing enhancement. United States v. Lewis, 18 F.4th 743, 746 (4th Cir. 2021).

At Robinson's sentencing, the probation officer recommended and the Honorable Robert C. Conrad, United States District Judge, applied the two-level enhancement to Robinson's sentence. [Case No. 3:17-cr-00105-RJC-DCK, Doc. 16 at ¶ 30: Robinson PSR; Doc. 23: Robinson Statement of Reasons]. Robinson did not appeal and has not filed any postconviction motions.

3

appeal from his conviction or sentence.

On November 21, 2018, Petitioner filed a pro se motion to vacate sentence under 28 U.S.C. § 2255. [CV Doc. 1]. He argued three grounds for relief: (1) his § 924(c) conviction should be vacated because Hobbs Act robbery is not a crime of violence; (2) his counsel was ineffective for failing to argue that Hobbs Act robbery is not a crime of violence under § 924(c); and (3) his counsel was ineffective for failing to object to the two-level enhancement for bodily injury to a victim. [Id. at 4-7]. Petitioner also stated with respect to each ground that he failed to raise them on appeal because his "appelate [*sic*] counsel should have raised [the] issue[s] under the Sixth Amendment." [CV Doc. 1 at 4-7]. Petitioner sought no particular relief in his motion to vacate. [See id. at 12].

The matter was stayed pending the Supreme Court's decision in United States v. Davis, 139 S.Ct. 2319 (2019). On May 21, 2020, after Davis, the Court denied and dismissed Petitioner's motion to vacate, finding that Hobbs Act robbery is a crime of violence, that Petitioner's claim of ineffective assistance for his attorney's failure to make the contrary argument was meritless, and that Petitioner failed to show deficient performance or prejudice as to the bodily injury enhancement where Petitioner knowingly and voluntarily agreed to the enhancement as part of his plea agreement and the factual basis supported the enhancement. [CV Doc. 10 at 4-6].

Over eighteen months later, on December 1, 2021, the Fourth Circuit decided Lewis' appeal. Lewis, 18 F.4th 743. The Fourth Circuit found that the injury sustained by the pawn shop store manager was not significant enough to warrant application of the bodily injury enhancement, vacated Lewis' sentence, and remanded the case to sentence Lewis without the enhancement.[4] Id.

---

[4] On remand, the Court recently sentenced Lewis to terms of imprisonment of 37 years on each of Counts One and Two, to be served concurrently, and a consecutive sentence of 84 months on Count Three, for a total term of imprisonment of 121 months. [CR Doc. 103: Lewis Am. Judgment].

4

at 753.

Nearly two years after the Court denied his motion to vacate, Petitioner filed the pending motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure seeking to reopen the habeas proceeding. [CV Doc. 12]. Petitioner argues that he is entitled to relief under Rule 60(b)(6) because the Court failed to apply the liberal construction doctrine to Petitioner's purported "final ineffective assistance of counsel claim" regarding failures of appellate counsel and failed to apply the "governing standard" to Petitioner's claim that his attorney was ineffective for not objecting to the bodily injury enhancement. [Id. at 4-7].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner purports to seek relief under Federal Rule of Civil Procedure 60(b)(6). [Doc. 12]. Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a Section 2255 motion).

5

Regarding Rule 60(b) motions that are actually attempts at successive collateral review, the Fourth Circuit has stated:

> a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.

Id. at 207.

On the surface, Petitioner purports to seek a remedy for defects in the collateral review process. For one, Petitioner argues that the Court failed to apply the proper standard in dismissing his claim of ineffective assistance of counsel for his attorney's failure to object to the two-level bodily injury enhancement. [CV Doc. 12 at 6-7]. The Court denied this claim because Petitioner failed to show deficient performance or prejudice, noting that Petitioner knowingly and voluntarily agreed to the enhancement as a term of his plea agreement and the factual basis supported its application. [Doc. 10 at 5]. Petitioner now argues that the habeas proceeding should be reopened because the Court did not analyze whether the bodily injury at issue was sufficiently serious to warrant the enhancement under United States v. Lancaster, 6 F.3d 208, 209 (4th Cir. 1993). Petitioner, however, did not point to Lancaster in his motion to vacate – or any other argument or authority – and there was no reason for the Court to specifically address it. In Lancaster, the Forth Circuit found that the District Court did not clearly err declining to apply the bodily injury enhancement where the defendant sprayed mace into a security guard's eyes during a robbery, resulting in only "momentary" injury. 6 F.3d at 210.

Here, Petitioner pleaded guilty pursuant to a plea agreement in which the parties agreed to recommend application of the two-level bodily injury enhancement for Lewis striking the store manager in the back of the head three times with a firearm during the commission of the robbery, causing the manager to fall to the floor. [CR Doc. 42 at ¶ 8(d); CR Doc. 61 at ¶ 6]. In exchange

6

for that and other terms, the Government agreed to dismiss Count One of the Indictment. [Id. at ¶ 2]. Had Petitioner's counsel objected to the enhancement at sentencing, she would have jeopardized the plea agreement. Moreover, while application of the enhancement turned out to be a close call (and reversed on Lewis' appeal), Petitioner could not show ineffective assistance of counsel where the Court agreed to its application in Petitioner's case and after extensive argument at Lewis' sentencing, which occurred the same day as Petitioner's, and another district judge applied the enhancement in sentencing Robinson. Hindsight is 20/20, particularly with Lewis' success on appeal, but Petitioner's counsel's performance was within the bounds of reasonable professional assistance, Strickland v. Washington, 466 U.S. 668, 689 (1984); see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010), and Petitioner failed to meet his burden of proving prejudice, Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). Petitioner did not seek a new trial or any other particular relief in his original petition and there was no evidence that the Government would have offered Petitioner a plea agreement without the disputed enhancement.[5] Petitioner's attempt now to reopen the proceedings under Rule 60(b)(6) is nothing more than a successive Section 2255 petition in which he seeks another shot at the same, though now more developed, argument.

Petitioner also seeks relief under Rule 60(b)(6) based on the Court's alleged failure to liberally construe the motion to vacate and recognize Petitioner's purported claim for ineffective assistance of appellate counsel. As noted, in his original motion to vacate, Petitioner explained that he did not raise any of the three grounds asserted therein on direct appeal because "appelate [*sic*] counsel should have raised the issue[s] under the Sixth Amendment." [CV Doc. 1 at 4, 5, 7]. Because Petitioner did not file a direct appeal, made no claim of ineffective assistance of counsel

---

[5] In fact, that Lewis pleaded guilty to all three counts without a plea agreement evidences that no such agreement would have been available to Petitioner.

7

based on the failure to appeal, and did not identify any appellate counsel in his petition, the Court did not further address the issue. [See Doc. 10 at 3 n.2]. Now, Petitioner claims a defect in the habeas proceeding and asks that it be reopened to reach the merits of this purported claim. [Doc. 12 at 5]. Despite Petitioner's contentions now, he did not present this claim in his original petition. There can be no claim of ineffective assistance of appellate counsel where there is no appeal, no appellate counsel, and no claim by Petitioner that his trial counsel was ineffective for failing to follow Petitioner's instruction to file a notice of appeal. Thus, on this claim, Petitioner improperly employs Rule 60(b)(6) to litigate claims not presented in his original petition, which he cannot do.

Thus, as to both issues presented now, Petitioner's motion must be construed as a Section 2255 motion to vacate, notwithstanding its caption. See Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005) (holding that Rule 60(b) motions are treated as successive habeas petitions); Everette v. United States, No. 5:04-cv-358, 2012 WL 4486107, at *2-3 (E.D.N.C. Sept. 28, 2012); United States v. MacDonald, 979 F. Supp. 1057, 1068 (E.D.N.C. 1997) (stating a motion to reopen is akin to a successive habeas petition). Since Petitioner has already filed a motion under Section 2255 and this Court has adjudicated the motion on the merits, Petitioner's instant motion is a "second or successive" motion under Section 2255. Winestock, 340 F.3d at 206.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a]

8

second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion [Doc. 12] is **DISMISSED** as a successive petition.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 6, 2022

Max O. Cogburn Jr.
United States District Judge