UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cr-232-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **JERVONTEZ LAVASSIOR LEAK,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se motion to reduce sentence pursuant to USSC Amendment 821. (Doc. No. 112). The Government opposes Defendant's motion. (Doc. No. 117). Because Defendant is not eligible for a sentence reduction under Amendment 821, the Court will deny Defendant's motion.

### I. Background

Defendant pleaded guilty to Hobbs Act robbery and a firearm offense in May of 2017. (Doc. Nos. 42, 48). The probation office submitted a pre-sentence report advising a sentence of 46 to 57 months imprisonment for the robbery offense based on a total offense level of 21 and a criminal history category of III. Defendant did not commit the offense while under a criminal justice sentence, and the probation office therefore did not assess him two additional status points. The Court sentenced Leak to 46 months for the robbery offense and a consecutive term of 84 months for the firearm offense, for a total sentence of 130 months in prison. Defendant now asks this Court to reduce his sentence based on Amendment 821 to the Sentencing Guidelines.

### II. Legal Standard

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The

1

Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease for certain defendants who have zero criminal-history points. U.S.S.G. amend. 821 pt. B. A defendant is not eligible for this reduction if (1) she received a terrorism adjustment under U.S.S.G. § 3A1.4; (2) she used violence or credible threats of violence in connection with her offense; (3) the offense resulted in death or serious bodily injury; (4) the offense was a sex offense; (5) she personally caused substantial financial hardship; (6) she possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon in connection with the offense; (7) the offense was an offense involving individual rights covered by U.S.S.G. 2H1.1; (8) she received a hate-crime-motivation or vulnerable-victim adjustment, U.S.S.G. § 3A1.1; (9) she was convicted of a serious-human-rights offense, U.S.S.G. § 3A1.5; (10) she received an aggravating-role adjustment, U.S.S.G. § 3B1.1; or (11) she was engaged in a continuing criminal enterprise as defined in 18 U.S.C. § 848. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines §

1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

### III. Analysis

Defendant is not eligible for a reduction in his sentence under Amendment 821. The probation office did not assess him points because he committed his offense while under a criminal justice sentence. Thus, he is ineligible for a reduction under Part A of Amendment 821. And Defendant was assessed more than zero criminal history points, rendering him ineligible for reduction under Part B, Subpart 1, of Amendment 821. Because Defendant has not shown that he is eligible for a sentence reduction under Amendment 821, the Court will deny his motion.

3

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's pro se motion to reduce sentence pursuant to USSC Amendment 821 (Doc. No. 112) is **DENIED**.

Max O. Cogburn Jr
United States District Judge

Signed: January 23, 2024